J-S73032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES IAN ROBINSON, | : | |
| | : | |
| Appellant | : | No. 967 MDA 2019 |

Appeal from the PCRA Order Entered May 20, 2019
in the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000834-2016

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: FEBRUARY 3, 2020**

James Ian Robinson ("Robinson") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 28, 2016, Robinson entered a guilty plea to possession with intent to deliver a controlled substance. *See* 35 P.S. § 780-113(a)(30). Relevantly, at the start of sentencing, the parties agreed that Robinson's sentence would be imposed concurrently to the sentence he was already serving. The trial court sentenced Robinson to a term of 48 to 96 months in prison, with credit for time served, plus a fine, costs and restitution. Robinson did not file a direct appeal.

Robinson filed a timely, *pro se*, PCRA Petition on June 12, 2017. The PCRA court appointed Robinson counsel, who filed an Amended PCRA Petition

on his behalf. The PCRA court conducted a hearing on the matter, after which it denied Robinson's Petition.

Robinson filed a timely Notice of Appeal. On June 18, 2019, counsel filed a Statement indicating her intention to withdraw as counsel in lieu of a Pa.R.A.P. 1925(b) concise statement. However, counsel later filed an Amended Concise Statement.

Robinson now raises the following issue for our review: "Did the PCRA [c]ourt err when it denied [Robinson's] PCRA Petition[,] when it found plea counsel not to be ineffective?" Brief for Appellant at 3.

Robinson contends that his plea counsel was ineffective for permitting him to enter a guilty plea with a condition of concurrent sentencing, because the Department of Corrections would not honor a sentence imposed concurrently with a probation revocation sentence. *Id.* at 6. According to Robinson, his plea counsel failed to inform him that a concurrent sentence was illegal pursuant to 61 Pa.C.S.A. § 6138(b)(5)(i).[1] Brief for Appellant at 7-9.

The applicable standards of review regarding the denial of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must

---

[1] Section 6138(b)(5)(i) provides that "[i]f a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed … [i]f a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution." 61 Pa.C.S.A. § 6138(b)(5)(i).

examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

* * *

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted). "A PCRA petitioner must address each of these prongs on appeal."

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted).

Robinson has failed to provide any argument concerning the second and third prongs of the ineffectiveness test, and we could deny Robinson relief on this basis alone. *Commonwealth v. Roane*, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted) (stating that "[a] claim of ineffectiveness will be

denied if the petitioner's evidence fails to satisfy any one of these prongs."); *see also Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) (stating that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief.").

Moreover, we conclude that Robinson's underlying claim entitles him to no relief. During the guilty plea and sentencing hearing, the parties agreed that the plea agreement provided that Robinson's sentence would be imposed concurrently with the sentence he was already serving. *See* N.T. (Guilty Plea and Sentencing), 11/28/16, at 4. The trial court then asked Robinson for more information regarding his sentence, and the following exchange occurred:

> [Robinson]: My state parole is revoked, so I had a -- they took the 14 months I was on the street and added with two years [*sic*] that I had remaining. So it was about 37, 38 months I need to max out.
>
> [Trial Court]: So you're in on a revocation max out?
>
> [Robinson]: Yes.
>
> [Trial Court]: Okay. So you understand, even if I say in the [O]rder this is running concurrent to that, it's more likely than not that the Department of Corrections is not going to honor that, because they don't normally run sentences concurrent to revocations, so do you understand that?
>
> [Robinson]: Yes, Your Honor.

[Trial Court]: Okay. So if I accept the plea agreement and indicate that it's running concurrent, that probably won't happen, you understand?

[Robinson]: Yes, Your Honor.

*Id.* at 4-5. The trial court again confirmed Robinson's understanding of the above during the oral guilty plea colloquy. *Id.* at 8 (wherein the trial court stated, "Plea agreement calls for the sentence to run concurrent to what you are already serving. **However, if you are serving a state revocation sentence, the Department of Corrections will probably not honor that**[,]" and Robinson indicated that he understood (emphasis added)).

Further, at the PCRA hearing, plea counsel testified that his understanding was that the state would not run the new sentence concurrently with Robinson's existing sentence, and that he had discussed the matter with Robinson. *See* N.T. (PCRA Hearing), 12/7/18, at 8; *see also id.* (wherein plea counsel testified that, regarding Robinson's concurrency request, "it wasn't going to happen…."). Plea counsel also testified that he nevertheless agreed to put the concurrency language in the written plea colloquy, because Robinson had disagreed with him about the law. *See id.* at 8, 15.

Upon review, we conclude that Robinson was adequately informed by both plea counsel and the trial court that his sentence probably would not run concurrently with his revocation sentence. Importantly, Robinson has not established—or even argued—that he entered an unknowing or involuntary plea, or that he would not have pled guilty if plea counsel had used the precise terms "impossible" or "illegal" in explaining the concurrency issue. *Barndt*,

*supra*; *see also id.* (stating that, "to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (citation omitted)).  Thus, Robinson is not entitled to relief on his sole claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/03/2020